UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2011-30268-FDS |
| | ) | |
| ABC&D RECYCLING, INC. | ) | |
|     Defendant. | ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO
COMPEL COMPLIANCE WITH A SUBPOENA
(Dkt. No. 59)

ROBERTSON, M.J.

I.   INTRODUCTION

Before the court in this civil case is a motion by Plaintiff CSX Transportation, Inc.

("CSX") to compel compliance with a subpoena it issued, pursuant to Rule 69(a)(2) of the

Federal Rules of Civil Procedure ("Rule 69(a)(2)"), to non-party Country Bank for Savings

("Country Bank") (Dkt. No. 60). The motion was referred to the undersigned for decision by

presiding District Judge F. Dennis Saylor, IV. Country Bank, having previously produced

documents responsive to the subpoena, opposes the motion (Dkt. No. 68). Neither party

requested a hearing; accordingly, this matter is ripe for decision. For the following reasons, and

as more fully set forth below, the court GRANTS CSX's motion. Additional documents

responsive to CSX's subpoena, as narrowed through discussion between counsel, shall be

provided by no later than March 18, 2016. If no such documents exist, counsel for Country Bank

shall so notify counsel for CSX.

II.   RELEVANT BACKGROUND

The underlying case here was an action for failure to pay rail common-carrier freight

charges pursuant to a contract between CSX and defendant ABC&D Recycling, Inc.

("ABC&D").  ABC&D admitted to owing money to CSX for freight charges, but disputed its

obligation to pay certain finance charges (Dkt. No. 54 at 5).  Judge Saylor granted CSX's

summary judgment motion (*id*. at 10-11), and, on August 1, 2013, entered judgment for CSX

against ABC&D in the amount of $427,530.36.  The judgment provided that finance charges

would continue to accrue until the freight bill was paid in full (Dkt. No. 58).

     In the course of post-judgment discovery, CSX learned that Country Bank held a lien and

a note against ABC&D and its assets.  CSX further learned that the lien and note had been

transferred to Ware Holdings, LLC, an entity related to Country Bank.  On January 16, 2015, in

aid of its efforts to collect on its judgment against ABC&D, CSX served Country Bank with a

post-judgment subpoena seeking documents related to the transfer of the lien and other debts

Country Bank had held against ABC&D to help it determine whether ABC&D had any assets to

satisfy CSX's judgment.   Following service of the subpoena, counsel for CSX conferred with

Country Bank's counsel to narrow and clarify the scope of the document requests.  As clarified

and narrowed, CSX's counsel represented that the subpoena sought: (1) documents regarding

Country Bank's assignment of a UCC lien; (2) documents regarding the transfer or discharge of

any of the items appearing in an attached list of Country Bank loans and collateral/security

agreements held by Country Bank against ABC&D; and (3) copies of documents showing

payments made by or on behalf of ABC&D on any of the debts owed by ABC&D to Country

Bank.  As to the kinds of documents sought within these three categories, counsel explained that,

as to the first two, CSX was seeking copies of emails, written communications, documents of

transfer such as contracts or agreements, and, as to the third, evidence of any payments made to

Country Bank, such as records of checks and wire transfers.  CSX agreed to limit the time frame

for these requests to January 1, 2013 to the present and to make production subject to a

confidentiality agreement (Dkt. No. 60-3 at 8).  CSX also agreed that documents showing Country Bank's "internal" communications about the discharge or transfer of ABC&D's debts did not need to be produced because it was represented that the only such documents that existed represented communications with Country Bank's counsel (Dkt. No. 60-2 at 3).

Country Bank produced documents to CSX on or around June 15, 2015 (Dkt. No. 68-2). On or around November 4, 2015, counsel for CSX and Country Bank discussed Country Bank's response to CSX's subpoena.  Noting the absence in Country Bank's production of any documents evidencing communications by Country Bank with representatives of ABC&D or other individuals or entities concerning the sale, transfer or discharge by Country Bank of any debts or liens it held against ABC&D, CSX requested the production of all such documents or a representation by Country Bank's counsel that no such documents existed (Dkt. No. 60-3 at 4). Counsel for Country Bank replied that she would have to review the file again, as the documents had been produced quite a while ago and suggested that Country Bank was not required to respond because CSX could obtain copies of any such documents from ABC&D (*id.* at 3).  This motion followed.

## III.   DISCUSSION

### 1.   Country Bank must comply with the subpoena as narrowed

Rule 69(a)(2) permits a judgment creditor such as CSX to "obtain discovery from any person – including the judgment debtor."  Fed. R. Civ. P. 69(a)(2).  "The rules governing discovery in postjudgment execution proceedings are quite permissive."  *Republic of Argentina v. NML Capital, Ltd.,* 134 S.Ct. 2250, 2254 (2014).  "The presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise enforce its judgment . . . .'"  *ClearOne Commc'ns v. Chiang*, 276 F.R.D. 402, 403 (D.

3

Mass. 2011) (quoting *United States v. Neumann*, No. 86-cv-0034, 1999 WL 156151, at *1 (D.

Mass. Mar. 5, 1999) (citation and quotation omitted)).   Further, "'a party may move for an order

compelling disclosure or discovery' if it has 'in good faith conferred or attempted to confer with

the person or party failing to make disclosure or discovery.'"   *Nat'l Ass'n of Gov't Emps., Inc. v.

Nat'l Emergency Med. Servs. Ass'n, Inc.*, 106 F. Supp. 3d 270, 271 (D. Mass. 2015) (quoting

Fed. R. Civ. P. 37(a)(1)).   CSX satisfied its obligation to confer with Country Bank before filing

this motion.

Country Bank contends that it should not be required to produce additional documents

because: (1) CSX has failed to demonstrate their relevance; (2) CSX was not clear in negotiating

the reduction in the scope of Country Bank's production obligations under the subpoena and

requiring any additional production from Country Bank at this time would unreasonably increase

the costs of its compliance with the subpoena; and (3) the information CSX seeks is available

from another source, namely ABC&D.   These objections lack merit.   As to Country Bank's first

contention, CSX could have done a better job explaining the relevance of the information it seeks

from Country Bank.   It is well-established, however, that a judgment creditor is entitled to full

discovery of the debtor's financial status.   *See ClearOne Commcn's, Inc.*, 276 F.R.D. at 404.   It

appears that ABC&D was indebted to Country Bank, which held security interests in ABC&D

assets, and that the indebtedness was either discharged or transferred to one or more other

parties.   CSX is entitled to know whether ABC&D made payments, or whether payments were

made on its behalf, to obtain a discharge of any part of its indebtedness, and it was entitled to

understand the circumstances of the transfer of a UCC lien on ABC&D assets, because the

transfer might disclose helpful information about ABC&D assets and ABC&D's general

financial status.

Country Bank's contention on the second point is difficult to understand.  It appears from CSX's February 16, 2015 email that CSX never waived its right to the production of documents evidencing Country Bank's communications with representatives of ABC&D and third parties about the transfer of the UCC lien and the discharge or transfer of other loans and security agreements held by Country Bank against ABC&D (Dkt. No. 60-2 at 3).

As to the issue of additional cost, CSX's delay in bringing Country Bank's apparent omission from its production to Country Bank's attention may be unfortunate, but Country Bank has failed to show that any additional costs to Country Bank attributable to this delay would amount to an undue burden or expense on Country Bank.   *See* Fed. R. Civ. P. 45(d)(1) (a party or attorney issuing a subpoena to a non-party must take reasonable steps to avoid imposing undue burden or expense on non-party subject to subpoena).

> In determining whether a subpoena imposes an 'undue burden' on a non-party, courts consider '(1) the relevance of the information requested; (2) the need of the . . . party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; (6) the burden imposed; and (7) the expense and inconvenience to the non-party.'

*Rockstar Consortium US LP v. Google, Inc.*, Misc. Civil Action No. 14-91322-FDS, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015) (quoting *LSI Corp. v. Vizio, Inc.*, Misc. Bus. Docket, 12-mc-91068-DJC, 2012 WL 1926924, at *3 (D. Mass. May 24, 2012)).  As to the first and second factors, the information CSX seeks is relevant to its ability to collect on its judgment against ABC&D.  As to the third, fourth, and fifth factors, CSX readily agreed to narrow its requests to specifically described and limited information and restricted the time period at issue to reduce the burden on Country Bank of responding to the subpoena. *See id.*, at *6.

As to the seventh factor, "[t]he party resisting discovery bears the burden of showing that the subpoena imposes an undue burden and it 'cannot rely on a mere assertion that compliance

would be burdensome without showing the manner and extent of the burden and the injurious consequences of insisting on compliance.'" *In re New England Compounding Pharmacy, Inc. Products Liab. Litig.*, MDL No 13-2419-FDS, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (quoting *Sterling Merch., Inc. v. Nestle, S.A.*, No 06-1015(SEC), 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008)).  The inconvenience and expense of having counsel review Country Bank files a second time does not rise to the level of an undue burden, particularly where Country Bank's failure to include the requested documents in its production is the reason for the renewed request for compliance with the subpoena (Dkt. No. 68 at 4).  While it may be a burden to retrieve the relevant documents, County Bank "has not shown that the burden would be undue." *Id.*, at *7.

Finally, as to Country Bank's third contention,"'[i]f the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through subpoena on a nonparty often will create an undue burden.  The mere availability of the documents from another source, however, does not preclude a subpoena directed to a nonparty if the party serving the subpoena can show that it is more expeditious to obtain the documents from a witness.'" *Id.* (quoting *Gray v. Town of Easton*, No. 3:12cv166, 2013 WL 2358599, at *3 (D. Conn. May 29, 2013)).  Here, CSX persuasively contends that the information it seeks is not available from ABC&D, which is a defunct company that no longer maintains records, and that it has made unsuccessful attempts to obtain the information from other potential sources (Dkt. No. 60 at 6).  It was appropriate in these circumstances for CSX to direct a subpoena to Country Bank, and the court will not quash the subpoena to Country Bank on this ground.  *See id.*

2.   Fees and costs

Country Bank is not entitled to its attorney's fees for time spent responding to the subpoena.  CSX took reasonable steps to avoid imposing an undue burden on Country Bank and Country Bank has not shown otherwise.  *See* Fed. R. Civ P. 45(c)(1) (court should impose sanction of reasonable attorney's fees on party that imposes undue burden in connection with Rule 45 subpoena).  In fact, the cost of compliance with CSX's subpoena would likely have been less than costs presumably incurred by Country Bank in opposing the instant motion.  "[T]he [c]ourt does not find CSX's conduct sanctionable pursuant to Rule 45(c)(1)."  *Id.*, at *14.

IV.   CONCLUSION

For the foregoing reasons, plaintiff CSX Transportation, Inc.'s Motion to Compel Compliance with a Subpoena is GRANTED, each party to bear its own fees and costs. Supplemental documents responsive to the Rule 45 subpoena as narrowed will be produced by no later than March 18, 2016.

It is so ordered.

Dated:  February 23, 2016                          /s/ Katherine A. Robertson
                                                   KATHERINE A. ROBERTSON
                                                   U.S. MAGISTRATE JUDGE